# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

November 7, 2017
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**HENRY T. KOSIKOWSKI,**
**Claimant Below, Petitioner**

**vs.)    No. 17-0150** (Board of Review Appeal No. 2051460)
                      (Claim No. 2012036843)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**RG STEEL WHEELING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Henry T. Kosikowski, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by B. Allen Campbell, its attorney, filed a timely response.

In workers' compensation law, a claimant is entitled to medically related and reasonably required treatment as long as the treatment is for an injury or disease sustained in the course of and resulting from employment. Henry T. Kosikowski was working as a mobile equipment operator for RG Steel Wheeling, LLC, when he overextended his right knee while walking up a flight of stairs. We are asked to decide whether Mr. Kosikowski is entitled to a second opinion for his right knee. After a thorough review of the evidence of record, we find that a second opinion is not medically related or reasonably required for the compensable right knee sprain. This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Kosikowski filed a report of injury on May 15, 2012, which stated that he injured his right knee on May 2, 2012, walking up a flight of stairs. He was diagnosed with right knee and foot strain. It was also noted that the injury aggravated a prior injury of calcaneal spur. The claims administrator agreed and held the claim compensable for a right knee sprain/strain.

An MRI of the right knee was taken in July of 2012 and showed a small joint effusion without evidence of ligamentous or meniscal tear. A right knee x-ray was normal. In August of 2015, Kumar Amin, M.D., stated in a treatment note that Mr. Kosikowski complained of right knee pain in relation to his work injury. He stated that his pain improved with rest and over the counter medications but did not totally resolve. It was noted that Mr. Kosikowski was treated for chronic knee pain in 2006. No degenerative changes were seen on x-ray. He was diagnosed with left knee sprain, possible mild stage osteoarthritis, and possible medial meniscus tear.

Two months later, Dr. Amin noted that Mr. Kosikowski was seen for right knee pain. Dr. Amin stated that he talked to Mr. Kosikowski many years ago about a similar situation involving the right knee. He did not believe arthroscopic surgery would be beneficial and recommended a cortisone injection and stopping physical therapy. X-rays of the right knee showed minimal medial joint space narrowing. The assessment was chronic right knee pain of uncertain etiology, most likely an aggravation of mild osteoarthritis.

In January of 2015, Dr. Amin again treated Mr. Kosikowski for right knee pain. Dr. Amin noted that he and Mr. Kosikowski discussed treatment options, including surgery. Mr. Kosikowski decided to deal with the pain instead of having surgery. Dr. Amin's diagnosis was most likely an aggravation of mild osteoarthritis. Mr. Kosikowski then requested permission for a second opinion. That request was denied by the claims administrator on May 1, 2015.

Five months later, Timothy Sauber, M.D., treated Mr. Kosikowski for sharp and aching pain in the right knee. Physical therapy, exercise, and steroid injections were not helpful. X-rays showed no significant degenerative changes in either knee. Dr. Sauber wanted a repeat MRI to evaluate for the presence of a lesion noted on a prior MRI. If the MRI was negative, Dr. Sauber opined that Mr. Kosikowski "would be hard pressed to make a case for further treatments under his work comp injury."

Mr. Kosikowski was referred for an independent medical evaluation that was performed by ChuanFang Jin, M.D., on November 4, 2015. She noted no joint swelling, enlargement, or deformity on examination. Range of motion appeared to be normal. The assessment was chronic right knee pain and degenerative arthritis/arthrosis of the right knee. Dr. Jin concluded that Mr. Kosikowski's sprain/strain triggered the symptoms of preexisting degenerative arthritis. She noted that degenerative arthritis is a chronic and progressive illness that can be asymptomatic for a long period of time and progress to intermittent symptoms with or without a trigger or injury. She opined that Mr. Kosikowski's clinical findings were consistent with the natural history of degenerative arthrosis in the right knee and that his symptoms started long ago, at least as far back as 2006. Dr. Jin asserted that he should have reached maximum medical improvement for his compensable sprain/strain within weeks to a few months of the injury's occurrence. She

further stated that because the injury itself is not progressive or latent, there is no indication for further testing or treatment. Mr. Kosikowski had 0% impairment.

Mr. Kosikowski then testified in a deposition that he had seen several physicians and got no results. He said that Dr. Amin believed he had a mild case of osteoarthritis or a medial meniscus tear. Dr. Amin prescribed physical therapy and steroid injections, which did not help, and that is why he wants a second opinion. Mr. Kosikowski saw Dr. Sauber on his own and Dr. Sauber recommended an MRI.

The Office of Judges affirmed the claims administrator's denial of a request for a second opinion for the right knee on July 18, 2016. The Office of Judges found that despite Dr. Sauber's report recommending an MRI, a preponderance of the evidence indicates the denial for a second opinion was correct. The diagnostic evidence of record shows no traumatic findings to the right knee. Mr. Kosikowski's main reason for desiring a second opinion is continued pain. But, the record shows that he has been diagnosed with chronic knee pain by both Drs. Amin and Jin. Further, the record shows that Mr. Kosikowski had an episode of chronic right knee pain in the past. Per a report by Dr. Amin, Mr. Kosikowski had seen Dr. Amin in 2006 and prior for chronic right knee pain. At that time, Dr. Amin was unsure what exactly was causing the knee pain. He noted that he had talked with Mr. Kosikowski many years prior regarding a similar situation involving the right knee. The Office of Judges found that Dr. Jin determined in her evaluation that the symptoms are more suggestive of degenerative arthritis than a meniscus tear. Further, Dr. Amin assessed chronic right knee pain of uncertain etiology, most likely an aggravation of mild osteoarthritis. Dr. Jin reached the same conclusion. The Office of Judges concluded that another opinion was not necessary. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on January 18, 2017.

On appeal before this Court, Mr. Kosikowski argues that conservative treatment has failed and his request for a second opinion is therefore reasonable. The West Virginia Office of the Insurance Commissioner argues that Mr. Kosikowski sustained a simple sprain/strain right knee injury, which would have healed in just a few weeks. It further asserts that after the request for a second opinion, Mr. Kosikowski was sent for an independent medical evaluation, and therefore, his request to be re-evaluated has already been granted.

After review of the evidence of record and consideration of the parties' arguments, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Mr. Kosikowski sustained a simple right knee sprain/strain for which he was treated. A preponderance of the evidence suggests that his ongoing problems are the result of non-compensable degenerative arthritis. We therefore find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

3

Affirmed.

**ISSUED: November 7, 2017**


**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker